IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**VERNON ANTHONY REID,**

          Petitioner,

**v.**                                      **Civil Action No.: 5:19cv21**
                                            **(Judge Stamp)**

**RICHARD HUDGINS, Warden,**[1]

          Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

Pending before the Court is Petitioner's *pro* se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1], Respondent's Motion to Dismiss [ECF No. 12], Petitioner's Response [ECF No. 16] and Respondent's Reply [ECF No. 17]. This matter is assigned to the Honorable Frederick P. Stamp, Jr., United States District Judge, and has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2.

### II.   BACKGROUND

Prior to Petitioner's incarceration at FCI Gilmer, he was designated to FCI Victorville, located in California. While there, Petitioner was issued Incident Report No. 2297122 which charged him with the prohibited acts of Attempting to Manufacture a

---

[1] Petitioner is incarcerated at FCI Gilmer. At the time he filed this petition, Christopher Gomez was the warden at that facility. Since then, Richard Hudgins has become the Warden at FCI Gilmer and is the appropriate respondent in this action. Pursuant to Federal Rule of Civil Procedure 25(d), Richard Hudgins will be substituted as Respondent in this case.

Weapon, in violation of Code 104 and Destroying Government Property Valued in Excess of $100 in violation of Code 218. Following an investigation and hearing before the Unit Disciplinary Committee, the matter was referred to a Disciplinary Hearing Officer ("DHO"). The DHO hearing was conducted on May 23, 2012. Ostensibly, Petitioner waived his right to a staff representative and to request witnesses. In addition, he purportedly admitted the charges. Based on the evidence set forth in the report, the DHO was "convinced that [Petitioner] was Attempting to Manufacture a Weapon, in violation of Code 104." However, the charge of Code 218 was expunged. Petitioner was sanctioned with: (1) 41 days, Disallowance of Good Conduct Time; (2) 20 days, Forfeiture of Good Conduct Time; (3) 20 days, Disciplinary Segregation; (4) 4 months, Loss of Commissary; and (5) 2 months, Loss of Email. The DHO report was completed on May 29, 2012 and was delivered to Petitioner on May 31, 2012. ECF No. 1-6.

### III  PLEADINGS

**A.    The Petition**

Petitioner asserts that the BOP unlawfully revoked his good conduct time credits. In support of that allegation, Petitioner alleges that he was denied due process when the DHO waived his disciplinary hearing and staff representation without his knowledge or consent.[2] In addition, Petitioner alleges that he was denied due process when the DHO inaccurately summarized and mischaracterized his statement[3] and consequently

---

[2] Petitioner notes in his memorandum of law that on the day of his DHO hearing, he was notified that his staff representative would be temporarily unavailable to assist him in presenting his defense and he declined to proceed with his hearing without his staff representative. However, Petitioner was requested to be a witness at his cellmate's DHO hearing that same day. Petitioner maintains that the DHO proceeded to waive his staff representative and held his hearing in conjunction with that of his cellmate.

[3] It appears that during what Petitioner asserts was his cellmate's DHO hearing he explained that his cellmate was not responsible for not reporting the destruction done to the locker. Petitioner

hindered him from adequately appealing the findings. For relief, Petitioner seeks his good time credited back to his sentence, the incident report expunged, and the sanctions removed from his prison record.

**B.    Respondent's Motion to Dismiss**

Respondent alleges that the instant § 2241 petition should be dismissed as moot because the Incident Report giving rise to this matter has been remanded for rehearing.

**C.    Petitioner's Response**

Petitioner maintains that a rehearing will not satisfy his habeas petition because the delayed hearing will be prejudicial to his defense. Petitioner maintains that the evidence readily available during the first "alleged" hearing will likely not be available now, thus rendering his defense vulnerable, and he will not receive the relief he seeks in his petition. More specifically, Petitioner argues that he although some of the requirements set forth in Wolff v. McDonnell[4] could be reimposed, his right to call witnesses and present documentary evidence cannot be restored, and it cannot be reasonably assumed that he will have the same advantages of defending himself as he did almost eight years ago.

**D.    Respondent's Reply**

In his Reply, Petitioner reiterates that Petitioner's challenge to the incident report at issue is this matter is moot because it has been remanded for rehearing.

## IV. Legal Standard

**1.    Motion to Dismiss**

---

maintains that the DHO considered that an admission of his own guilt. ECF No. 1-1 at 4.
[4] 418 U.S. 539 (1974).

3

"A motion to dismiss under Rule 12(b)(1) is the appropriate avenue by which to raise the issue of mootness, because mootness deprives a federal court of jurisdiction under Article III of the United States Constitution. See Justice v. Acosta, No. 2:17-CV-03681, 2018 WL 4291744, at *3 (S.D.W. Va. Sept. 7, 2018); see also Estate of Peoples v. Barnwell Cty. Hosp., No. CIV.A. 1:13-01678, 2014 WL 607586, at *5 (D.S.C. Feb. 18, 2014) (collecting cases). Here, Respondent is bringing a factual challenge to this Court's jurisdiction over the petition, alleging that subsequent developments have removed the factual basis for jurisdiction. Therefore, this Court may consider evidence outside the pleadings without converting the motion to one for summary judgment. See L.K. Ex rel. Henderson v. N. Carolina State Bd. Of Educ., No. 5:08-CV-85-BR, 2011 WL 861181 at *4 (E.D.N.C. Fed. 18, 2011), report and recommendation adopted, No. 5:08-CV-00085-BR, 2011 WL 861154 (E.D.N.C. Mar. 9, 2011). The burden of proving that a court has subject matter rests with Petitioner, as he is the party asserting it. Johnson v. N. Carolina, 905 F. Supp. 2d 712, 719 (W.D.N.C. 2012). However, the court should grant dismissal "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

## V. DISCUSSION

Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies. "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." Ross v. Reed, 719 F.2d 689, 693-94

(4th Cir. 1983). Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969).

When a prison elects to remand for rehearing a challenged disciplinary hearing, the remand obviates due process concerns related to the initial hearing. See Allen v. Young, No. 5:18-CV-01271, 2019 WL 956813 at *2 (S.D.W. Va. Feb. 27, 2019). ("Here, the [p]etitioner succeeded in obtaining a rehearing regarding the challenged incident report. … That decision renders moot this challenge to the initial hearing and the sanctions imposed in that hearing.") Rojas v. Driver, No. CIV. A. 5:06CV88, 2007 WL 2789471 at *4 (N.D.W. Va. Sept. 24, 2007), aff'd, 267 F. App'x 302 (4th Cir. 2008) ("Thus, the second hearing rendered moot the petitioner's claims regarding the first hearing.").

Respondent has produced the sworn declaration from a BOP official employee certifying that the challenged disciplinary action "has been remanded to FCI Gilmer, West Virginia, to be re-heard before a BOP DHO." ECF No. 13-1 at 2. In addition, Respondent has produced Petitioner's Inmate Discipline Incident Report History regarding the challenged report which establishes that the incident report has been remanded to the institution for rehearing. Id. at 9.

According, Petitioner has received from the BOP the full relief available to him through this habeas proceeding. Were the rehearing not already ordered by the BOP, and this Court ruled in his favor on the petition, it would simply remand the incident report to the BOP that a rehearing in compliance with the requisite constitutional protections could be conducted. See e.g., Allen, 2019 WL 956813 at *2 ("The remedy

for a hearing that denied an inmate procedural safeguards is a hearing that complies with all due process requirements.")

## VI. RECOMMENDATION

For the foregoing reasons, it is hereby recommended that Respondent's Motion to Dismiss [ECF No. 12] be **GRANTED**, and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means. In addition, because this Report and Recommendation completes the referral from the District

Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATE: October 30, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE