IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VERNON ANTHONY REID,

      Petitioner,

v.                                              Civil Action No. 5:19CV21
                                                              (STAMP)

RICHARD HUDGINS, Warden,[1]

      Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

The pro se[2] petitioner, Vernon Anthony Reid ("Reid"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner is a federal inmate incarcerated at FCI Gilmer in Glenville, West Virginia but asserts this action following the issuance of an incident report occurred while petitioner was designated to FCI Victorville in California. For relief, petitioner seeks a reinstatement of his lost good time credit, an expungement of the incident report giving rise to this

---

[1]As the magistrate judge correctly determined, at the time petitioner filed this petition, Christopher Gomez was the Warden at FCI Gilmer where the petitioner is incarcerated. Since then, Richard Hudgins has become the Warden at FCI Gilmer and is the appropriate respondent in this action. Pursuant to Federal Rule of Civil Procedure 25(d), Richard Hudgins will be substituted as the respondent in this action.

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

action, and removal of sanctions from his prison record.  ECF No. 1 at 8.

This civil action was referred to United States Magistrate Judge James P. Mazzone under Local Rule of Prisoner Litigation Procedure 2.  Magistrate Judge Mazzone issued a report and recommendation (ECF No. 18) recommending that the respondent's motion to dismiss (ECF No. 12) be granted and the petitioner's petition (ECF No. 1) be denied and dismissed with prejudice.  ECF No. 18 at 6.  The petitioner did not file objections to the report and recommendation.  For the following reasons, this Court affirms and adopts the report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to findings where no objections were made, such findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).

III. <u>Discussion</u>

In his report and recommendation, the magistrate judge correctly notes that Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies and that a case becomes moot when there is no viable legal issue left to resolve. ECF No. 18 at 4-5. When a prison elects to remand for rehearing a challenged disciplinary hearing, the remand obviates due process concerns related to the initial hearing. See <u>Allen v. Young</u>, No. 5:18CV01271, 2019 WL 956813, at *2 (S.D. W. Va. Feb. 27, 2019) ("Here, the [p]etitioner succeeded in obtaining a rehearing regarding the challenged incident report. . . . That decision renders moot this challenge to the initial hearing and the sanctions imposed in that hearing."); <u>Rojas v. Driver</u>, No. 5:06CV88, 2007 WL 2789471, at *4 (N.D. W. Va. Sept. 24, 2007), aff'd, 267 F. App'x 302 (4th Cir. 2008) ("Thus, the second hearing rendered moot the petitioner's claims regarding the first hearing.").

Here, the magistrate judge determined that respondent has produced the sworn declaration from a Bureau of Prisons official employee certifying that the challenged disciplinary action "has been remanded to FCI Gilmer, West Virginia, to be re-heard before a BOP DHO." ECF No. 13-1 at 2. In addition, the respondent has produced petitioner's Inmate Discipline Incident Report History regarding the challenged report which establishes that the incident

report has been remanded to the institution for rehearing. Id. at 9. Accordingly, the magistrate judge properly determined that petitioner has received from the Bureau of Prisons the full relief available to him through this habeas proceeding. ECF No. 18 at 5.

Upon review, this Court finds no clear error in the determinations of the magistrate judge and thus upholds his recommendation.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 18) is AFFIRMED and ADOPTED in its entirety. Accordingly, the respondent's motion to dismiss (ECF No. 12) is GRANTED and the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITH PREJUDICE.

This Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   December 2, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE